UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv279-W[1]-02
(3:07cr5)

| | |
|---|---|
| NINA MARIE STRICKLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **N O T I C E AND O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255, filed May 30, 2011.[2] (Doc. No. 1).

A review of the record reflects that on July 13, 2007, Petitioner pled guilty to unlawfully affecting commerce by taking and obtaining the personal property of another by means of actual and threatened force and violence, in violation of 18 U.S.C. § 1951. ( (Case No. 3:07cr5, Doc. No. 10: Entry and Acceptance of Guilty Plea form). On January 16, 2008, the Court sentenced Petitioner to a term of 180 months' imprisonment. (Id., Doc. No. 15: Judgment). The Court's Judgment was filed on January 28, 208, and Petitioner did not appeal that Judgment. (Id.). Instead, on May 30, 2011, Petitioner filed the instant Motion to Vacate challenging her

---

[1] This case is assigned to the Honorable Frank D. Whitney, United States District Judge. However, the instant Order has been signed by the Honorable Graham C. Mullen, Senior United States District Judge, in Judge Whitney's absence. See 3:11mc67-W, Doc. No. 1.

[2] Although Petitioner's Motion to Vacate was received at the Court and filed by the Clerk on June 8, 2011, Petitioner dated her Motion May 30, 2011. Therefore, out of an abundance of caution, pursuant to the "mail box" rule articulated in Houston v. Lack, 487 U.S. 266 (1988) the Court will treat the Motion as having been filed on the date it was signed, that is, May 30, 2011.

1

conviction and sentence. (Doc. No. 1).

The Antiterrorism and Effective Death Penalty Act (the "AEDPA") imposes a 1-year statute of limitations period for filing a motion to vacate. Specifically, the AEDPA provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's judgment of conviction became final on or about February 11, 2008, that is, at the expiration of the 10-day period during which she could have filed a notice of appeal. See Clay v. United States, 537 U.S. 522 (2003); Fed. R. App. P. 4(b)(1)(A). Therefore, absent equitable tolling, Petitioner had until February 11, 2009 in which to file the instant Motion to Vacate.

In Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), the Fourth Circuit held that upon examining a federal habeas petition prior to trial, if the Court perceives a *pro se* petition to be untimely and the government has not filed a motion to dismiss based on the one-year limitations

period, the Court must warn the petitioner that the case is subject to dismissal.[3]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1) Within fifteen (15) days of the date of this Order, the Petitioner shall file a document explaining why the instant motion should be construed as timely filed. **FAILURE TO FILE A DOCUMENT EXPLAINING WHY THE INSTANT PETITION SHOULD BE CONSTRUED AS TIMELY FILED WILL RESULT IN DISMISSAL OF THE MOTION TO VACATE.**

(2) The Clerk shall send a copy of this Order to the Petitioner.

Signed: June 27, 2011

Graham C. Mullen
United States District Judge

---

[3] Although the current form 2255 motion has been updated to include a question asking petitioners to address of the timeliness of their motions if they are filed more than a year after their convictions became final, Petitioner did not use a form to submit her Motion to Vacate. Therefore, Petitioner has not addressed the question of why the one-year limitations period does not bar her Motion.