UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv279-MU[1]
(3:07cr5-1-W)

| | |
|---|---|
| NINA MARIE STRICKLAND,   )<br>                                               )<br>        Petitioner,                       )<br>                                               )<br>        v.                                    )<br>                                               )<br>UNITED STATES OF AMERICA, )<br>                                               )<br>        Respondent.                     )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court upon Petitioner's <u>de facto</u> motion under 28 U.S.C. § 2255, filed May 30, 2011.[2] (Doc. No. 1). No response is necessary from the Government.

## I. PROCEDURAL HISTORY

On January 23, 2007, a federal grand jury returned a Bill of Indictment charging that Petitioner knowingly and unlawfully, by means of actual and threatened force, took money, clothing, and a telephone from an employee of a business that affected interstate commerce, and used a knife to stab that employee during the commission of said robbery, all in violation of 18 U.S.C. § 1951. (Criminal Case No. 3:07cr5, Doc. No. 1). On July 13, 2007, Petitioner appeared before the Court and pled guilty to the subject charge without a plea agreement. (<u>Id.</u>, Doc. No.

---

[1] This case originally was assigned to the Honorable Frank D. Whitney, U.S. District Judge, but recently was reassigned to the undersigned for disposition.

[2] Although Petitioner's motion does not contain a certification advising the Court of the date on which she delivered said motion to Prison authorities for posting to this Court, out of an abundance of caution, the Court will treat her Motion as having been filed on the date that she signed it, May 30, 2011, rather than on the date on which it was received and filed by the Court, June 8, 2011. <u>See</u> <u>United States v. Belcher</u>, 53 F. App'x 308 at * 1 (4th Cir. 2002) (unpublished) ("Belcher signed his § 2255 motion on January 2, 2001, which is the date this court considers to be the filing date.") (citing <u>Houston v. Lack</u>, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)).

10 at ¶ 22).

On January 14, 2008, Petitioner's counsel filed a 70-page Sentencing Memorandum outlining Petitioner's troubled childhood and her mental and physical problems, requesting a sentence at the low-end of the applicable Guidelines range, and asking that Petitioner be housed at FCI Butner. (Doc. No. 14 at 2-6). On January 16, 2008, the Court held Petitioner's Factual Basis and Sentencing Hearing, during which it adopted the U.S. Probation Office's Pre-Sentence Report for Petitioner. (Id., Doc. No. 16 at 1). Such Report indicated that Petitioner was a Career Offender whose total Offense Level was 29, her Criminal History Category was VI and her corresponding range of imprisonment was 151 to 188 months. (Id. at 4). After hearing from counsel for the parties the Court sentenced Petitioner to 180 months' imprisonment and ordered her to pay $13,421 in restitution. (Id.). The Court's Judgment was filed on January 28, 2008. (Id., Doc. No. 15). Petitioner did not appeal that Judgment.

However, on April 26, 2010, Petitioner filed a pro-se form Petition asking the Court to defer her restitution until after her release from prison. (Doc. No. 18). Also on that date Petitioner filed IFP Applications asking for permission to proceed with a motion to vacate without having to pay any fees. (Doc. Nos. 18-2 and 18-3). In addition, Petitioner filed a Motion for the production of her transcripts and case file at Government expense. (Doc. No. 18-4). On May 27, 2010, the Court entered a text Order denying those requests.

Approximately one year later, on May 30, 2011, Petitioner filed the instant de facto motion to vacate, styled as a "Memorandum in Support of Motion to Vacate Sentence Pursuant to 28 U.S.C § 2255." (Doc. No. 1). Petitioner's motion alleges that her conviction and/or sentence were obtained as a result of her attorney's ineffective assistance during the pre-trial and trial stages of her case; that she was prejudiced by the cumulative impact of multiple deficiencies

and errors by counsel throughout the course of her proceedings; and that counsel was ineffective for failing to file an appeal. (Doc. No. 1 at 2). Petitioner's motion also asks the Court to schedule an evidentiary hearing to resolve her claims. (Id.).

Upon its initial review of Petitioner's motion, the Court recognized that said pleading might have been untimely filed and, therefore, subject to summary dismissal. Accordingly, on June 27, 2011, the Court entered an Order pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), advising Petitioner of the Antiterrorism and Effective Death Penalty Act of 1996. (Doc. No. 2). The Court's Order further advised Petitioner of its calculations and its initial impression that her § 2255 motion was time-barred; and it directed her to file a response explaining why her Motion should be construed as timely filed. (Id.).

In response to that Order, on July 14, 2011, Petitioner filed a Motion Requesting Equitable Tolling on two distinct grounds. (Doc. No. 3). First, Petitioner asserts that her limitations period should be equitably tolled during her 27-month filing delay because after she expressed a desire to appeal, her former attorney led her to believe that an appeal was being prepared by another attorney. (Id. at 1). Second, Petitioner asserts that she is entitled to equitable tolling because she was hospitalized on more than 10 occasions since the time that she was sentenced in January 2008 and, as a result, she "did not have a [sic] proper mental facility [sic] . . . ." (Id. at 2-3).

## II. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or otherwise is subject to collateral attack. 28 U.S.C. § 2255. However,

3

> [i]f it plainly appears from the face of the motion, any attached
> exhibits and the record of prior proceedings that the moving party
> is not entitled to relief, the judge must dismiss the motion and
> direct the clerk to notify the moving party.

Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts. The Court has reviewed Petitioner's motion to vacate and the docket sheet concerning her underlying criminal proceedings, and has determined that the motion is time-barred.

### III.  ANALYSIS

As the Court's Hill Order advised Petitioner, 28 U.S.C. § 2255, a 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United States
> is removed, if the movant was prevented from making a motion by such
> governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Court filed its Judgment on January 28, 2008 and Petitioner did not file a direct appeal. As a result, the Court's Judgment became final, for purposes of filing a motion under § 2255, ten business days after its entry, i.e., on February 11, 2008. United States v. Wilson, 256 F.3d 217, 221 (4th Cir. 2001) (concurring opinion) (finding that in the absence of a direct appeal, pursuant to Fed. R. App. P. 4(b), a defendant's criminal judgment becomes final 10 days after its

entry); Fed. R. App. P. 4(b)(1)(A)(I) and (6) (2010) (providing that for federal defendants, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket); and Fed. R. Crim. P. 45(a) (providing that intermediate Saturdays, Sundays and legal holidays are excluded from computation if the period is less than 11 days). Therefore, in the absence of any intervening circumstances, pursuant to the AEDPA, Petitioner had up to and including February 11, 2009 in which to file her motion to vacate.

Petitioner does not attempt to establish timeliness pursuant to any of the provisions of § 2255(f). As explained, she instead contends that there are two reasons why the limitations period should be tolled for her 27-month period of delay. (Doc. No. 3).

Recently, the United States Supreme Court joined eleven circuit courts in announcing that equitable tolling can be applied to the limitations period in §2255 proceedings. Holland v. Florida, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). Holland explains that equitable tolling is available only in those instances where the petitioner can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks and citation omitted). Thus, "any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

### A. Petitioner's arguments fail to establish her diligent pursuit of relief under § 2255.

Petitioner first contends that her untimeliness should be excused because after she expressed her desire for an appeal, her former attorney misled her concerning that appeal. (Doc.

5

No. 3 at 1). In support of this contention, Petitioner asserts that: (1) after she was sentenced on January 16, 2008, she immediately expressed her desire to file an appeal but counsel "led her to believe that an appeal was being prepared by court appointed counsel . . ."; (2) between January 2008 and November 2008, she was housed in "county jails and was hospitalized on five unspecified occasions for her seizure disorder; (3) she was transferred to the custody of the Federal Bureau of Prisons in November 2008; (4) on January 31, 2009, she "developed a letter to counsel inquiring about her appeal . . ."; and (5) on April 28, 2009, counsel responded by letter, advising Petitioner that "unfortunately, since my office did not handle your appeal I do not have and I cannot order your transcripts," and "for the first time[,] that a federal habeas has a time limit." However, the Court concludes that the foregoing information does not establish Petitioner's diligence.

At the outset, the Court notes that while Petitioner asserts that her attorney led her to believe that another attorney was preparing her appeal, she fails to tell the Court exactly what her attorney said to her to convey that impression. Such omission is all the more glaring given that Petitioner is asserting that the subject misrepresentation prevented her from timely pursuing her motion to vacate.

Furthermore, the foregoing information reflects that Petitioner waited more than one year, i.e. from January 16, 2008, the date on which she was sentenced until January 31, 2009, to inquire about her appeal with her former attorney.³ (Doc. No. 3 at 3). Although Petitioner reports that she was hospitalized for seizures on five occasions after she was sentenced, all of the

---

³ Petitioner reports that her January 31, 2009 letter inquired about her appeal; however, based upon the reported response from her former attorney, it appears that she simply may have been inquiring about obtaining copies of transcripts from her proceedings. (Id.). Suffice it to say, however, a "dogged[] pursu[it]" of a transcript does not establish a diligent pursuit of a § 2255 motion. See United States v. Oriakhi, 394 F. App'x 976, at * 1 (4th Cir. Sept. 10, 2010) (unpublished).

6

specific date information that she provided to the Court concerning her hospitalizations pertains to periods <u>after</u> the expiration of her one-year limitations period.[4]  Equally critically, Petitioner has not bothered to explain how those brief hospitalizations kept her either from communicating with counsel in order to learn the status of her non-appeal, or from timely filing her motion to vacate.

Under the circumstances of this case, the Court finds that after a reasonable period of time passed, something far less than a full year, when no attorney made conduct with Petitioner about her appeal, she had an obligation to inquire about the subject with former counsel and/or the Court.  Had Petitioner sooner made such an inquiry, she certainly would have learned that she had no appeal and, therefore, her one-year limitations period was running.  Petitioner's failure to timely make such an inquiry simply was unreasonable on this record, and she must bear the consequences of that failure.  See Johnson v. United States, 544 U.S. 295, 311 (2005) (refusing to apply § 2255(f)(4) where "there is every reason to believe that prompt action would have produced [the facts on which the claim for relief is based] well over a year before [the petitioner] filed his § 2255 petition . . ." ).

### B. Petitioner's arguments also fail to establish that extraordinary circumstances prevented her from timely filing her motion.

Turning again to Petitioner's reported hospitalizations, as the Court already has explained, Petitioner simply has failed to establish that she actually was hospitalized during the relevant period of time or, more importantly, how any such hospitalizations prevented her from

---

[4] Petitioner's Motion Requesting Equitable Tolling includes a copy of certain of her medical records from West Virginia University Hospital. (Doc. No. 3 at 5-15).  Such records show that Petitioner was hospitalized from May 27, 2009 through May 28, 2009; July 23, 2009 through July 24, 2009; September 25, 2009 through September 26, 2009; October 24, 2009; January 20, 2010; February 12, 2010 to February 13, 2010; February 22, 2010; March 22, 2010 through March 23, 2010; and May 24, 2010 through May 26, 2010. (<u>Id.</u> at 5).

7

timely filing her motion to vacate. In any case, the law is well settled that a petitioner's health condition can toll the limitations period "only if the condition 'in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them.'" Evans v. Johnson, 2010 WL 3186838, at * 3 (E.D.Va. Aug. 9, 2010) (unpublished) (quoting Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996)). Thus, in the absence of Petitioner showing that she was incapacitated and unable to manage her affairs during the period in question, her seizure disorder -- which disorder actually developed prior to her commission of the offense of conviction -- does not constitute an extraordinary circumstance warranting equitable tolling.

Furthermore, to the extent that Petitioner is suggesting that her 11-month period of confinement (from January until November 2008) in one or more county facilities constitutes an extraordinary circumstance that delayed her from timely filing this Petition, such a suggestion must be flatly rejected. Indeed, Petitioner does not explain how being housed at such facilities precluded her from either communicating with her attorney to discover that she had no appeal or from timely filing her motion to vacate. Moreover, similar arguments already have been rejected by several courts. See Satterfield v. Franklin, 2009 WL 523181, at * 4 (W.D.Okla. March 2, 2009) (unpublished) (adopting a magistrate's Supplemental Report and Recommendation declining to equitably toll limitations period for § 2254 petitioner who was in county jail for three years without law library); United States v. Rodriguez, 438 F.Supp.2d 449, 455 (S.D.N.Y 2006) (declining to equitably toll limitations period for § 2255 petitioner who failed to show a causal link between allegations that guards at county facility confiscated and/or destroyed his legal materials and his failure to timely file said motion); and Boyles v. Commonwealth of Virginia, 2005 WL 2233578, at * 2 (W.D.Va. Sept. 13, 2005) (unpublished) (declining to find the fact that the petitioner had limited access to legal materials while in local and state correctional facilities

constituted an impediment under § 2244(d)(b) that prevented timely filing).

To the extent that Petitioner is suggesting that her motion was delayed because she did not become aware of the limitations deadline until counsel advised her of it in her April 2009 letter, such suggestion also is unavailing. That is, the Fourth Circuit has previously indicated that neither ignorance of the law nor unfamiliarity with the legal process entitles a petitioner to equitable tolling. See Harris, supra, 209 F.3d at 330-31. Furthermore, Petitioner has not bothered to explain why she did not file the instant motion within one- year of the date that counsel advised her of that information. Inasmuch as Petitioner was able to file her petition and motions seeking to defer her restitution payments, to obtain transcripts and to proceed in forma pauperis, on this record the Court cannot find a reason why she could not also have filed her motion to vacate at that time.

Ultimately, even if the Court could exclude from its calculations all of the time that elapsed between the date Petitioner was sentenced in January 2008, including the time during which she reportedly was hospitalized and/or housed at county facilities, up through her last reported release from the hospital on May 26, 2010, Petitioner's motion to vacate still was untimely filed. Indeed, even when the Court applies the "mail box rule" and treats Petitioner's motion as having been filed on May 30, 2011, that date is one year and four days after Petitioner's May 26, 2010 release from the hospital.

Finally, the Court finds that Petitioner has adequately articulated her arguments for equitable tolling; however, those arguments fail to show that Petitioner's 27-month delay should be excused. Therefore, the Court finds no reason to hold an evidentiary hearing in this case.

## IV. CONCLUSION

The AEDPA requires, among other matters, that petitioners who seek to challenge their convictions and/or sentences under 28 U.S.C. §2255 must do so within the time limitations prescribed by law. In the instant case, Petitioner has failed to meet that requirement, and she has failed to show that she is entitled to have her limitations period equitably tolled. Accordingly, Petitioner's Motion to Vacate must be <u>dismissed</u> as time-barred.

## V. ORDER

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's <u>de facto</u> motion to vacate under 28 U.S.C. § 2255 is **DISMISSED** as untimely filed.

**IT IS FURTHER ORDERED** that Petitioner has not made a substantial showing either that the Court's dispositive ruling is debatable or that her § 2255 motion states a debatable claim of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed. 542 (2000) (when relief is denied on procedural grounds, petitioner must establish both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right). Consequently, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings in the United States District Courts.

**IT IS SO ORDERED.**

Signed: August 8, 2011

Graham C. Mullen
United States District Judge